NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM14-973

RHONDA B. HICKEY, EDWARD W. HICKEY,
AND BARBARA J. HICKEY

VERSUS

ALLSTATE INSURANCE COMPANY AND
THE ESTATE OF ALTON CROOM

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 235,775, DIV. C
HONORABLE MARY L. DOGGETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Judges Sylvia R. Cooks, Billy H. Ezell, and Shannon J. Gremillion.

MOTION TO DISMISS APPEAL DENIED.
REQUEST FOR DAMAGES FOR FRIVOLOUS APPEAL DENIED.

L. Lyle Parker
Christina S. Slay
Bolen, Parker, Brenner, Lee & Engelsman, Ltd.
Post Office Box 1159
Alexandria, LA 71315-1590
(318) 445-8236
COUNSEL FOR DEFENDANTS IN CROSS CLAIM/APPELLANTS:
    Allstate Insurance Company and the Estate of Alton G. Croom

**John P. Wolff, III**
**Chad A. Sullivan**
**Virginia J. McLin**
**Mark T. Assad**
**Post Office Box 1151**
**Baton Rouge, LA 70821**
**(225) 383-3796**
**COUNSEL FOR PLAINTIFFS IN CROSS CLAIM/APPELLEES:**
    **Express Courier International, Inc. and Federal Insurance Company**

**GREMILLION, Judge.**

Plaintiffs in Cross Claim/Appellees, Express Courier International, Inc. (Express), and Federal Insurance Company (Federal), move to dismiss this appeal[1] on the ground that the judgment of May 12, 2014, is not a final and appealable judgment under La.Code Civ.P. art. 1915. Express and Federal also request an award of damages for frivolous appeal under La.Code Civ.P. art. 2164. For the reasons that follow, we deny the motion to dismiss and decline to award damages for frivolous appeal.

This case arises out of an automobile accident that occurred on February 9, 2009, in Pineville, Louisiana. Plaintiffs, Rhonda B. Hickey, Edward W. Hickey, and Barbara J. Hickey, allegedly sustained injuries when the vehicle driven by Alton Croom (Croom) crossed the centerline of the highway and struck their vehicle. Croom was killed in the accident. Plaintiffs filed suit against Croom's insurer, Allstate Insurance Company (Allstate), and his estate. Plaintiffs amended their petition to allege that Croom was in the course and scope of his employment at the time of the accident and added Express and its insurer, Federal, as Defendants.

Allstate provided Croom's estate with a defense and ultimately entered into a settlement agreement with Plaintiffs. Plaintiffs also settled with Express. All of Plaintiffs' claims against all Defendants have been dismissed. Prior to the dismissal of Plaintiffs' claims, Express and Federal filed a cross claim against Allstate alleging that Express was insured under the policy and that Allstate had a duty to defend Express. Express and Federal filed a motion for partial summary judgment seeking a holding that Allstate had a duty to defend Express and that

---

[1] At the time the motion to dismiss was filed, the record had not yet been lodged. The record has now been lodged in this court.

Allstate was obligated to reimburse Federal for costs already incurred in defending Express. Allstate filed a cross motion for partial summary judgment seeking a holding that it did not have a duty to defend Express. The trial court found that Allstate had a duty to defend Express and granted the motion for partial summary judgment filed by Express and Federal and denied the motion for partial summary judgment filed by Allstate by written judgment dated May 12, 2014. Allstate sought writs from this court relative to that judgment. In an unpublished writ opinion dated May 30, 2014, and bearing docket number 14-531, this court denied the writ application finding that the ruling granting the motion for partial summary judgment in favor of Express and Federal was a partial judgment under La.Code Civ.P. art. 1915(B) such that Allstate had an adequate appellate remedy because it could request that the trial court designate that ruling as an appealable, final judgment. This court also found that Allstate also had an adequate remedy by appeal with respect to that the portion of the judgment that denied its motion for partial summary judgment because that could be raised as error in the appeal from the judgment granting the motion for partial summary judgment in favor of Express and Federal.

After our ruling denying their writ application, Allstate petitioned the trial court for an amended judgment declaring that the judgment of May 12, 2014, was a final and appealable judgment under La.Code Civ.P. art. 1915(B). Express and Federal opposed the amendment of the judgment; however, an amended judgment was signed on June 10, 2014. This judgment repeated the ruling of May 12, 2014, and specifically added the wording to designate the judgment as immediately appealable. That same day, the trial court signed an order of appeal. The order of appeal specifically references the judgment of May 12, 2014, and does not mention

2

the amended judgment. The proceedings in the trial court were stayed pending the outcome of the appeal.

On June 30, 2014, Express and Federal filed a Motion to Lift Stay, Motion for New Trial, or Motion to Vacate. The trial court granted the Motion to Lift Stay and signed a judgment on September 9, 2014, which vacated the amended judgment.[2] Allstate again sought writs from this court. In an unpublished writ opinion dated October 2, 2014, and bearing docket number 14-937, this court granted writs and set aside the judgment dated September 9, 2014, as null and void for having been rendered by a court which lacked subject matter jurisdiction under La.Code Civ.P. art. 2088.

Prior to our opinion in docket number 14-937, Express and Federal filed the instant motion to dismiss appeal, alleging that this court was clear in its pronouncement that the judgment of May 12, 2014, was not a final and appealable judgment and that said judgment was still not a final judgment since the judgment of June 10, 2014, had been vacated. Express and Federal also alleged that they were entitled to damages for frivolous appeal since Allstate was well aware of this and was attempting to unnecessarily delay the trial of the matter which had originally been set for July 8, 2014. Allstate opposed the motion to dismiss.

As stated above, we found that the judgment dated September 9, 2014, was null and void since the trial court had been previously divested of jurisdiction upon the signing of the order of appeal on June 10, 2014. Thus, the amended judgment of June 10, 2014, designating the judgment of May 12, 2014, as final and appealable is still a valid judgment. Allstate requested a ruling from the trial court to designate the judgment of May 12, 2014, as immediately appealable under

_____

[2] This judgment states that the amended judgment was entered on June 12, 2014; however, the record is clear that the amended judgment was signed on June 10, 2014.

La.Code Civ.P. art. 1915(B) in accordance with our unpublished writ opinion dated May 30, 2014, bearing docket number 14-531, wherein we stated that Allstate had an adequate remedy by appeal. We find it of no consequence that the order of appeal references only the judgment of May 12, 2014, since it is clear that the order of appeal was signed at the same time as the amended judgment, and the substance of the judgment of May 12, 2014, which is being appealed, is repeated in the amended judgment. Because we find that Allstate obtained the proper designation and had the trial court proceedings stayed, we decline to award damages for frivolous appeal at this time.

For the foregoing reasons, the motion to dismiss appeal filed by Express Courier International, Inc. and Federal Insurance Company is denied at their cost. The request for damages for frivolous appeal is also denied.

**MOTION TO DISMISS APPEAL DENIED.**
**REQUEST FOR DAMAGES FOR FRIVOLOUS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.